***********
Upon review of the competent evidence of record with reference to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence or to rehear the parties or their representatives, the Full Commission affirms with minor modifications, the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. The defendant is a duly qualified self-insured, with Key Risk Management Services as the third-party administrator.
3. An employee-employer relationship existed between the parties on June 21, 2006.
4. All parties have been properly designated and there is no question as to misjoinder or nonjoinder of the parties.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Plaintiff's Set of Stipulated Exhibits
 (b) Stipulated Exhibit 2: Defendant's Set of Stipulated Exhibits
 (c) Stipulated Exhibit 3: Additional Medical Records Submitted Post-Hearing
 (d) Plaintiff's Exhibit 1: Itemized Statement of Drug Charges, Itemized Statement of Charges for Travel, and Statement Written by Plaintiff on July 25, 2006
 (e) Defendant's Exhibit 1: Defendant's Proposed Pre-Trial Agreement
 *********** ISSUES (a) Whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on June 21, 2006?
 (b) If so, to what benefits, if any, is plaintiff entitled?
 ***********
Based upon the competent evidence of record, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. Plaintiff was born on April 18, 1963. He was forty-four years old at the time of the hearing before the Deputy Commissioner.
2. On June 21, 2006, plaintiff was employed by the North Carolina Department of Juvenile Justice as a general utility worker. His duties included doing shipping and receiving, and general maintenance. Plaintiff testified that he weighed about 218 pounds and was six feet tall.
3. On June 21, 2006 plaintiff had a visitor, Faye Jones, to his work place. While he was introducing her to his co-workers, he ran into his supervisor, Terri Grant Boyd, at the freight elevator. Plaintiff testified that Ms. Boyd was introduced to Ms. Jones and that Ms. Boyd then wrapped her right arm around plaintiff's forehead. Plaintiff stated that Ms. Boyd's fingers went into his eye and that she shook him back and forth and from side to side. Plaintiff testified that he fell to one knee. Plaintiff further testified that the next day he was having headaches and upper and lower back pain. Plaintiff testified that Ms. Boyd attacked him without provocation. Plaintiff's testimony is not found to be credible.
4. Ms. Boyd testified that when plaintiff introduced her to Ms. Jones as his girlfriend, she responded: "Oh, okay. Nice to meet you. You've got yourself a good guy" and that she then touched his head and said, "[B]ut he is hardheaded." Ms. Boyd testified that she had her hand on plaintiff's head about two seconds and that she did not shake his head. Ms. Boyd's testimony is accepted as credible.
5. On June 21, 2006, Ms. Boyd received an e-mail from plaintiff that stated: "mrs. boyd. not, trying to funny or hard, i'm lot older than you, and ididn't appreciate. what you did. in joking manner, i'm not your puppy, or your dog. so my head is nothing to play with. thanks." *Page 4 
Upon receiving the e-mail, Ms. Boyd went to plaintiff's workstation and apologized to him for touching his head.
6. Plaintiff reported the incident to Walter R. Johnson, Safety Officer and Emergency Management Planner for the North Carolina Department of Juvenile Justice, on July 20, 2006. A Form 19 was filed on July 21, 2006. On July 21, 2006, plaintiff completed a Form 18. On November 1, 2007, a second Form 18 was filed.
7. Mr. Johnson spoke to Ms. Faye Jones, who witnessed the incident, and received a notarized statement from her. Ms. Jones recounted in her statement the incident as she recalled it and stated, "She [Ms. Boyd] reached over, somewhat palmed Calvin by the top of the head, and playfully shook it as she made a statement referring to him as a good man. The gesture was somewhat the way an adult may do to a child."
8. Mr. Johnson completed an investigation of the incident on behalf of defendant and concluded that no injury had occurred.
9. Following the incident, plaintiff did not seek treatment until July 26, 2006 and no significant finding was made at that time. Plaintiff had a positive screen for cocaine in June of 2006. Plaintiff sought treatment at the Veterans Administration. No significant findings following the incident were noted. On September 11, 2006, a CT brain scan was performed with contrast that had abnormal results. The medical provider had some concern about recurrence of the brain tumor from which plaintiff suffered when he was in the military. On September 18, 2006 a radiographic examination of the cervical spine was performed at the Durham Veteran's Administration and was normal.
10. On September 11, 2006, plaintiff was given a warning and left defendant's premises upset. Plaintiff was later arrested by the State Capital Police for attempting to forcibly *Page 5 
re-enter defendant's premises. Plaintiff was charged with trespass. Plaintiff was terminated on October 4, 2006 for insubordination.
11. Based upon the June 21, 2006 incident, plaintiff filed a Workplace Violence Complaint with the North Carolina Division of Occupational Safety and Health.
12. On May 27, 2007, plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission. On July 31, 2007, a Dismissal and Notice of Rights was entered finding no violations.
13. Plaintiff filed a Criminal Summons for simple assault against Ms. Boyd on October 23, 2006 and Ms. Boyd was found "not guilty" on April 16, 2007.
14. Based upon the greater weight of the competent and credible evidence of record, plaintiff did not sustain an injury by accident arising out of and in the course of his employment on June 21, 2006. Plaintiff's testimony is not accepted as credible.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSION OF LAW
1. Plaintiff was not injured as a result of an accident arising out of and in the course of his employment, and therefore his workers' compensation claim is not compensable. N.C. Gen. Stat. § 97-2(6).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED. *Page 6 
2. Each side shall bear its own costs.
This the ___ day of February 2009.
 S/___________________
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY L. McDONALD COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER